**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WINNER'S SUN PLASTIC &
ELECTRONIC (SHENZHEN) CO. LTD,

    Plaintiff,

v.

THE PARTNERSHIPS, et al.,

    Defendants.

Case No.: 2:19-cv-00980-RFB-DJA

**Order**

    Pending before the Court is Plaintiff's Motion for Leave to File Under Seal (ECF No. 3), filed on June 9, 2019. The motion requests that Plaintiff be allowed to file the following documents under seal: (1) Plaintiff's Complaint and (2) Schedule B attached to the Complaint. In doing so, Plaintiff contends that it will be requesting temporary *ex parte* relief based on an action for patent infringement and trade dress infringement within a few days of filing the Complaint. (ECF No. 3, 2:2-4). Plaintiff also claims that sealing those documents is necessary to prevent Defendants from learning of these proceedings prior to the execution of the temporary restraining order.

    Local Rule 7-2(b) specifies that the "failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." Here, Plaintiff failed to file any points and authorities justifying sealing the identified documents on the docket. Indeed, Plaintiff fails to cite any case law in support of its request to seal, much less the relevant standard.

    The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). There, the Court recognized that a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Under the compelling reasons standard, "a

court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097. For example, the Ninth Circuit noted that "sources of business information that might harm a litigant's competitive standing" could constitute a compelling reason. *Id.*

Additionally, the Ninth Circuit noted an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id.* "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The Ninth Circuit further clarified that the labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

Finally, Plaintiff's Motion was filed on June 9, 2019 and represented that it would request a temporary restraining order within a few days of filing the Complaint. (ECF No. 3, 2:3-4). It has been almost two months and no such relief has been requested. Moreover, Plaintiff has requested, and been granted, leave to utilize alternative service to serve Defendant via email. (ECF Nos. 7-8). Therefore, it appears as though the only reason included in Plaintiff's Motion is no longer applicable. Accordingly,

IT IS HEREBY ORDERED that Plaintiff shall file a supplement brief to its Motion (ECF No. 3) by August 31, 2019 setting forth proper points and authorities for its request and

explaining why the identified documents still need to be sealed at this time, if there is such an explanation, or withdrawing its motion if they no longer seek leave to seal.

IT IS FURTHER ORDERED that if Plaintiff fails to timely file the supplement brief with appropriate points and authorities in support of the request for relief, then the Court may proceed with denying the Motion pursuant to Local Rule 7-2(d).

Dated: August 23, 2019.

_____
**Daniel J. Albregts**
**United States Magistrate Judge**